Mary T. HODOROWSKI, Plaintiff,

v.

Wilford BELL and Rose Bedell, Defendants.

No. 78–C–159.

United States District Court, E. D. Wisconsin.

Aug. 16, 1978.

Mary T. Hodorowski, pro se.

Seymour Pikofsky of Franks & Pikofsky, Milwaukee, Wis., for Bell.

John D. Morrisey, Milwaukee, Wis., for Bedell.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Wilford Bell has filed a motion for summary judgment dismissing the complaint on its merits. Alternatively, the defendant seeks dismissal of this case for lack of subject matter jurisdiction. If there were merit to the defendant's alternative motion to dismiss for lack of subject matter jurisdiction, I would be obliged to address that motion in the first instance. Rule 12(h), Federal Rules of Civil Procedure. However, the defendant has not stated the basis for such motion, and none is apparent to me. I find, however, that the motion for summary judgment should be granted.

The plaintiff, Mary T. Hodorowski, filed this action pro se against Wilford Bell and Rose Bedell for damages under 42 U.S.C. § 3612 because of the defendants' alleged discrimination against the plaintiff in the rental of a cottage located at the rear of the property on which Mr. Bell's residence is located. The plaintiff alleges that Mr. Bell discriminated against her because of her national origin in violation of 42 U.S.C. § 3604.

Mr. Bell's motion for summary judgment seeks dismissal of the action against him on the basis of his claimed exemption from the Fair Housing Act of 1968, 42 U.S.C. §§ 3601–3631. Section 3603(b) exempts from the coverage of § 3604 any single-family house rented by an owner provided that: (1) the owner does not own more than 3 single-family houses; (2) the owner does not use in any manner the rental facilities

or rental services of any real estate broker, agent or salesman, or of such facilities or services of any person in the business of selling or renting dwellings, or of any employee or agent of such broker, agent, salesman or person; and (3) the owner does not rent the dwelling with a publication, posting or mailing, after notice, of any advertisement or written notice which violates § 3604(c). The latter section of the act prohibits in connection with the sale or rental of a dwelling the use of any notice, statement or advertisement that indicates a preference, limitation, or discrimination based on national origin.

Mr. Bell has submitted an affidavit in which he avers that he owns no rental property other than the single-family rental unit in question, that he did not use the services or facilities of a broker, agent or salesman, or the facilities or services of a person in the business of selling or renting dwellings, or of any employee or agent of such broker, agent, salesman or person, and that he did not publish, post, or mail, after notice, any advertisement or written notice in violation of 42 U.S.C. § 3604(c).

In her affidavit in response, the plaintiff alleges that the defendants have perpetrated many wrongs against her in connection with the rental of the dwelling in question. However, she does not dispute any of the facts averred by Mr. Bell in his affidavit. Mr. Bell's averments clearly establish that he is entitled to the exemption from the act provided in 42 U.S.C. § 3603(b). Since the plaintiff has not shown there is any issue of material fact concerning Mr. Bell's claim that he is exempt from the Fair Housing Act of 1968, summary judgment will be entered dismissing the complaint against Mr. Bell. Rule 56(e), Federal Rules of Civil Procedure.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed as to Wilford Bell.